_____



**SO ORDERED,**

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: May 4, 2018**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **VCR I, LLC** | **CASE NO. 1202009EE** |

| | |
|---|---|
| Hon. Derek A. Henderson<br>derek@derekhendersonlaw.com<br>1765-A Lelia Drive<br>Jackson, MS 39216 | Trustee and Attorney for the Trustee |
| Hon. Douglas C. Noble<br>dnoble@mmqnlaw.com<br>602 Steed Road, Suite 200<br>Ridgeland, MS 39157 | Attorney for the Trustee |
| Hon. Craig M. Geno<br>cmgeno@cmgenolaw.com<br>Hon. Jarret P. Nichols<br>jnichols@cmgenolaw.com<br>587 Highland Colony Parkway<br>Jackson,  MS 39157 | Attorneys for Gluckstadt Holdings, LLC |

Edward Ellington, Judge

## **MEMORANDUM OPINION**

**THIS MATTER** came before the Court on the trial on the *Motion for Stay Pending Appeal* (Dkt. #685) filed by Gluckstadt Holdings, LLC, and the *Response in Opposition to Motion for Stay Pending Appeal* (Dkt. #686) filed by Derek A. Henderson, Chapter 7 Trustee. Having considered same, the evidence presented at trial, the Court finds that the *Motion for Stay Pending Appeal* (Dkt. #685) filed by Gluckstadt Holdings, LLC is not well-taken and should be denied.

## **FINDINGS OF FACT[1]**

Gluckstadt Holdings, LLC (Gluckstadt Holdings) is seeking to have the *Memorandum Opinion* (Dkt. # 625) (Opinion) and *Final Judgment* (Dkt. #626) entered on September 29, 2017, stayed pending the resolution of its appeal. This Opinion pertained to a motion to auction approximately 44 acres of real property at the intersection of Interstate 55 and Gluckstadt Road in Madison County, Mississippi. Gluckstadt Holdings claims an interest in approximately eight (8) of these 44 acres and objected to the auction.

Since time is of the essence, the Court will briefly state some of the facts of this case. For a more detailed recitation of the facts, the Court hereby incorporates its Opinion (Dkt. #625) and *Final Judgment* (Dkt. #626)[2] (Final Judgment) entered on September 29, 2017, in the above-styled case.

---

[1] These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

[2] *In re VCR I, LLC,* Case No. 1202009EE, 2017 WL 4404280 (S.D. Miss. Sept. 29, 2017).

While the case was a Chapter 11, Gluckstadt Holdings and VCR I, LLC (Debtor) entered into an *Agreed Order* (Dkt. #158) (Agreement) whereby the Debtor agreed to notice out a motion to sell approximately eight (8) acres (the Disputed Property) to Gluckstadt Holdings for $612,500.00.[3] The Agreement further stated that the Debtor and Gluckstadt Holdings agreed that the purchase price for the Disputed Property was below fair market value. Gluckstadt Holdings alleged that this Agreement bound the Debtor, and subsequently the Chapter 7 Trustee, to sell the Disputed Property to Gluckstadt Holdings for $612,500.00.

The Debtor's case converted to a Chapter 7 on October 18, 2013. Derek A. Henderson was appointed the Chapter 7 Trustee (Trustee). As required by the Agreement, the Trustee noticed out a motion for authority to auction and sell the entire 44 acres free and clear of all liens, encumbrances and claims. In the auction motion, the Trustee stated that the opening bid on the Disputed Property would be Gluckstadt Holdings' bid of $612,500.00. The auction motion further stated that the Trustee was under no obligation to sell the Disputed Property to Gluckstadt Holdings unless it had the highest and best offer.

Gluckstadt Holdings filed the only objection to the auction motion. In its objection, Gluckstadt Holdings alleged that the Trustee was bound by the terms of the Agreement Therefore, Gluckstadt Holdings alleged that the Trustee cannot auction the Disputed Property to the highest bidder, but instead had to sell the property to Gluckstadt Holdings for $612,500.00.

Subsequent to the trial on the auction motion and objection the Court entered its Opinion.

---

[3]The Debtor also agreed to grant Gluckstadt Holdings a restrictive covenant on an adjacent, separate 5.91 acre parcel. This restrictive covenant prohibited the 5.91 acre parcel from being used as a gas station/convenience store for a period of 35 years from the date of the sale to Gluckstadt Holdings. Since the restrictive covenant is not pertinent to this Opinion, the Court will not refer to the restrictive covenant when discussing the Disputed Property.

In its Opinion, the Court in a nutshell found that:

    1. As required by the Agreement between the Debtor and Gluckstadt Holdings, the Trustee complied with the Agreement and noticed out to all creditors an auction/sale of the Disputed Property and the remaining property;

    2. The Trustee, however, was not required by the Agreement to sell the Disputed Property to Gluckstadt Holdings. Further, nothing in the Agreement prohibited the Trustee from accepting other offers on the Disputed Property;

    3. Even if the Trustee was required by the Agreement to sell the Disputed Property to Gluckstadt Holdings, no agreement to sell property of a bankruptcy estate can bind the Court;

    4. Even if the Trustee was required by the Agreement to sell the Disputed Property to Gluckstadt Holdings, the Court declined to approve the sale to Gluckstadt Holdings for below fair market value because the offer did not meet the standards of § 363(b); and

    5. The Court found that the Trustee had shown a business justification for conducting an auction of the entire 44 acres and had shown that the best way to maximize a recovery for the bankruptcy estate was to conduct an auction. The Court approved the motion to auction the property as being in the best interests of the bankruptcy estate, creditors, and equity holders.

On October 13, 2017, Gluckstadt Holdings filed an appeal of the Court's Opinion and Final Judgment. The final brief was filed in the United States District Court on April 4, 2018, and the matter is awaiting a ruling by the Honorable Carlton W. Reeves.

After the Opinion was entered on September 29, 2017, approving the auction of the property, the Trustee moved forward with plans to auction the entire 44 acres. On January 22, 2018, an *Order Granting Motion to Employ Auctioneer and Approval of Contract* (Dkt. #675) (Trial Exhibit 3) was entered allowing the Trustee to hire an auctioneer. On February 9, 2018, the Trustee filed *Trustee's Status Report* (Dkt. #677) stating that the auction of the entire 44 acres was scheduled for May 22, 2018.

More than six (6) months after the Court entered its Opinion approving the auction,

Gluckstadt Holdings filed its *Motion for Stay Pending Appeal* (Dkt. #685) (Motion) on April 4, 2018. Without citing any authority, Gluckstadt Holdings prays that the Court stay the May 22, 2018, auction of the real property until the appeals are complete. The Motion is not clear whether Gluckstadt Holdings is requesting a stay of the entire auction or simply a stay of the auction of the Disputed Property.

The Trustee filed his *Response in Opposition to Motion for Stay Pending Appeal* (Dkt. #686) (Objection). In his Objection, the Trustee cites authority to support his argument that the Motion should be denied because Gluckstadt Holdings has not met its burden of proof.

The Motion and Objection were tried on May 2, 2018. Gluckstadt Holdings and the Trustee agreed to allow the Trustee's attorney to proffer the testimony of the Trustee and of Mr. Benny Taylor, the auctioneer hired by the Trustee to auction the 44 acres. The Trustee also introduced three exhibits in support of the proffer. Gluckstadt Holdings did not offer any witness testimony or introduce any exhibits. At the conclusion of the trial, the Court took the matter under advisement.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(A), (N), and (O).

### II. Stay Pending Appeal

"A stay [pending appeal] is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 426–27 (2009) (internal citations and

quotation marks omitted). It follows that a stay pending appeal is considered an "extraordinary remedy." *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968).

Two rules of the Federal Rules of Bankruptcy Procedure[4] govern a stay pending appeal: Rule 7062 and Rule 8007. Rule 7062 may provide a stay as a matter of right. Rule 8007, however, only provides for a discretionary stay.

A motion under 11 U.S.C. § 363[5] is a contested matter and not an adversary proceeding. A contested matter is governed by Rule 9014. Rule 9014 states that Rule 7062 only applies to a contested matter if the Court specifically directs. Since the Court has not directed that Rule 7062 applies to this contested matter, Rule 7062 does not apply. Therefore, the Court must look to Rule 8007 to determine whether the Court, in its discretion, should order a stay of the auction pending resolution of the appeal.

Rule 8007 provides in pertinent part:

(a) Initial Motion in the Bankruptcy Court.

>   (1) In General. Ordinarily, a party must move first in the bankruptcy court for the following relief:
>
>> (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
>>
>> (B) the approval of a supersedeas bond;
>>
>> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

---

[4] Hereafter, all rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.

[5] Hereafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

>> (D) the suspension or continuation of proceedings in
>> a case or other relief permitted by subdivision (e).
>
> (2) Time to File. The motion may be made either before or after the
> notice of appeal is filed.

Fed. R. Bankr. P. 8007(a).

In *Campaign for S. Equal. v. Bryant*, the Court of Appeals for the Fifth Circuit addressed the standard a court must follow in determining whether to grant a discretionary stay pending appeal. In *Bryant,* the Fifth Circuit held:

> In determining whether to grant a stay pending appeal, we consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014); accord *Nat'l Treasury Emps. Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987). In evaluating these factors, this court has refused to apply them "in a rigid ... [or] mechanical fashion." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983). Moreover, we have recognized that a "movant 'need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.'" *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *see also Von Raab*, 808 F.2d at 1059.

*Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014).

As discussed in *Saldana v. Saldana*, the Fifth Circuit explained the first element, the likelihood of success on the merits, as follows:

> In *Ruiz I*, 650 F.2d 555 (5th Cir. 1981), we stated that "on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 565. In *Ruiz II*, 666 F.2d 854 (5th Cir. 1982), we cautioned against reading *Ruiz I* as "a coup de grace for the likelihood-of-success criterion in this circuit." *Id.* at 856. We said: "Likelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only 'if the balance of equities (i.e. consideration of the other three factors) is ... heavily tilted in the movant's favor' will we issue a stay in its absence, and, even then, the issue

must be one with patent substantial merit." *Id.* at 857 (quoting *Ruiz I*, 650 F.2d at 565–66) (emphasis added by *Ruiz II* court). *In re First South Savings Ass'n*, 820 F.2d at 709 n. 10.

*Saldana v. Saldana*, No. 3:15-CV-1918-L, 2015 WL 5021415, at *2 (N.D. Tex. Aug. 25, 2015).

In the Fifth Circuit, "[t]he party who seeks a stay bears the burden of establishing these prerequisites." *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 856 (5th Cir. 1982); *Arnold v. Garlock Inc.,* 278 F.3d 426, 437 (5th Cir. 2001).

### A. Factor One:  Likelihood of Success on the Merits

The Court finds that Gluckstadt Holdings has failed to show that the issue in this case is novel and involves a serious legal question.  Gluckstadt Holdings must, therefore, satisfy the more stringent likelihood of success on the merits standard and show that the balance of the equities weighs heavily in favor of granting the stay.  *Ruiz II*, 666 F.3d at 856-57.

In order to determine whether Gluckstadt Holdings has a likelihood of success on the merits, the Court must begin with a review of the requirements for selling property under the Bankruptcy Code.  The sale of a debtor's assets outside the ordinary course of business is governed by § 363(b). Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[6]

In addressing the standards of a § 363(b) sale, the Fifth Circuit held:

> A sale of assets under § 363, as implemented by rule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons.  *See Cont'l*, 780 F.2d at 1226.  A trustee has the duty to maximize the value of the estate. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 353, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985).  As a general matter, the trustee must demonstrate that the proposed sale price is the highest and best offer, though a bankruptcy court may

---

[6]11 U.S.C. §  363(b)(1).

>accept a lower bid in the presence of sound business reasons, such as substantial doubt that the higher bidder can raise the cash necessary to complete the deal. 3 *Collier on Bankruptcy* ¶ 363.02[1][f] (15th ed. rev. 2009).

*The Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010).

To summarize, in order to obtain Court approval to sell assets of a bankruptcy estate, § 363 and Rule 6004 require a notice and a hearing.

The Agreement itself acknowledges that Court approval of the sale of the Disputed Property is necessary. The Agreement states on page three (3) that "[t]he Debtor shall file and notice a motion <u>for authority</u> to sell the real property, free and clear of all liens, claims and interests, to [Gluckstadt Holdings] for $612,500.00."[7] The Agreement clearly recognizes that the Chapter 11 Debtor had to get Court approval/authority to sell the property to Gluckstadt Holdings. Therefore it logically follows that if the Chapter 11 Debtor had to get authority from the Court to sell the Disputed Property to Gluckstadt Holdings, then the Court was not bound by the Agreement as asserted by Gluckstadt Holdings.

In its Opinion, the Court declined to grant such approval/authority. The Court found that even if the Trustee was required by the Agreement to sell the Disputed Property to Gluckstadt Holdings, the Court was never bound by any such agreement. The Court held that the only way to obtain Court approval of the sale of the Disputed Property was for the sale to meet the standards of § 363.

In examining the proposed sale of the Disputed Property to Gluckstadt Holdings, the Court reviewed whether the sale was supported by "an articulated business justification, good business judgment, or sound business reasons. . . .[and whether] the trustee [had demonstrated] that the

---

[7]*Agreed Order,* Case No. 1202009EE, Dkt. #158, ¶d, p. 3, Mar. 1, 2013. (emphasis added).

proposed sale price [was] the highest and best offer."[8]  Since the sales price was below market value (and had a restrictive covenant which reduced the value of the adjacent parcel), the Court found that the Agreement was not the highest and best offer nor was it a good business judgment.  Therefore, the Court did not approve or authorize the proposed sale of the Disputed Property to Gluckstadt Holdings.

The Court instead found that an auction of the entire 44 acres was supported by "an articulated business justification, good business judgment, or sound business reasons."[9]  Consequently, the Court approved/authorized the Trustee's motion to auction the entire 44 acres.

In his proffer at the trial on the Motion, the attorney for the Trustee stated that there has been had a lot of interest in this 44 acres.  The property is located in a prime location on I-55 and in a fast-growing community.  Further, the Trustee's attorney proffered that the auctioneer would have testified as to all of the inquiries he has had about this property.  The auctioneer also would have testified that calling off an auction at this point in time would have a detrimental affect on a future auction.

Considering all, the Court cannot imagine any scenario where Gluckstadt Holdings has a likelihood of succeeding in convincing the District Court that this Court was required to approve the Agreement between Gluckstadt Holdings and the Chapter 11 Debtor to sell the Disputed Property to Gluckstadt Holdings for $612,500.00.  Nor does the Court find that Gluckstadt Holdings has a likelihood of success in convincing the District Court that it would be a sound business decision to approve the sale of the Disputed Property at a below fair market value.  Consequently, the Court

---

[8]*The Cadle Co.*, 608 F.3d at 263. (citations omitted).

[9]*Id.*

finds that Gluckstadt Holdings has not met the first factor and has no likelihood of success on the merits of its appeal.

Since Gluckstadt Holdings has failed to meet the first factor, its motion for a stay must be denied. *Ruiz II*, 666 F.2d at 856. The Court will, however, briefly address the remaining three factors.

### B. Factor Two: Irreparable Injury

As noted at the trial, Gluckstadt Holdings has the opening bid on the Disputed Property. Therefore, there is a possibility that Gluckstadt Holdings could be the winning bidder on the Disputed Property. If Gluckstadt Holdings' bid of $612,500.00[10] is the highest and best bid on the Disputed Property, Gluckstadt Holdings will get the property and will not suffer irreparable injury. While the Court finds this scenario to be unlikely, until the auction is held, no one will know for certain.

The Court does acknowledge that if the auction is conducted on May 22, 2018, and Gluckstadt Holdings is not the highest bidder on the Disputed Property, Gluckstadt Holdings would suffer an injury in the sense that it was not able to purchase the Disputed Property at a below fair market price.

### C. Factor Three: Substantial Injury to Other Parties

This case has been pending since 2012. The Trustee was appointed in October of 2013. Since that time, the Trustee has been engaged in eminent domain litigation and other litigation regarding this 44 acres. After the Court entered its Opinion and Final Judgment on September 29,

---

[10]The auction approved by the Court does not include the restrictive covenant on the adjacent parcel. The Court does not find the lack of the restrictive covenant to be an "irreparable injury" to Gluckstadt Holdings.

2017, the Trustee was finally at a point where he could auction the 44 acres.

Trial Exhibit 1 shows that the auctioneer has spent a considerable amount of time and money advertising and promoting the auction of the 44 acres. Trial Exhibit 1 shows that the auctioneer has spent $24,272.86 to advertise the auction and the property. The Trustee's attorney proffered that the Trustee would have testified that had it not been for litigation with Gluckstadt Holdings, he would have been ready to sell the property when the eminent domain litigation concluded in 2016. The trial exhibits show the extensive steps the Trustee and the auctioneer have taken since September 29, 2017, in preparation for a successful auction on May 22, 2018.

Gluckstadt Holdings waited over six (6) months after the Court entered its Opinion permitting the auction to ask the Court to stay the auction. The Court finds that granting a stay at this late point in the process would highly prejudice the Trustee, the bankruptcy estate, the creditors, and the equity holders. Consequently, the Court finds that if it granted the stay, the Trustee, the bankruptcy estate, the creditors, and the equity holders would suffer substantial injury.

### D. Factor Four: Public Interest

Other than those parties who are preparing to bid on the property, the Court does not see where the public interest factor plays a role in this matter.

### CONCLUSION

In *Ruiz I, Ruiz II*, and *Bryant*, the Fifth Circuit articulated four factors that must be established in order to obtain a stay pending appeal. Further, under *Ruiz II,* the Fifth Circuit held that the movant must meet all four factors. The Court finds that Gluckstadt Holdings has failed to show a likelihood of success on the merits and failed to show how the Trustee, bankruptcy estate, creditors, and equity holders will not suffer substantial injury if a stay of the auction is granted.

Since Gluckstadt Holdings has failed to meet its burden, the Court in its discretion denies Gluckstadt Holdings' request for a stay pending appeal.

To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.

A separate judgment consistent with this Opinion will be entered in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure.

**##END OF FINDINGS##**